```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KEITH P. RADBILL and DENISE RADBILL, | 1:20-cv-05261-NLH-AMD |
| Plaintiffs, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| PETSMART, INC., | |
| Defendant. | |

**APPEARANCES:**

CONRAD J. BENEDETTO
THE LAW OFFICES OF CONRAD J. BENEDETTO
1615 S. BROAD STREET
PHILADELPHIA, PA 19148

    *On behalf of Plaintiff*

JOHN MICHAEL WUTZ
THE CHARTWELL LAW OFFICES LLP
130 North 18th Street
26TH FLOOR
PHILADELPHIA, PA 19103

    *On behalf of Defendant*

<u>**HILLMAN**</u>**, District Judge**

On April 29, 2020, Defendant, Petsmart, Inc., removed Plaintiff's case from New Jersey Superior Court to this Court. Defendant's notice of removal stated that this Court has jurisdiction over this matter based on 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs.

Defendant's notice of removal averred that Plaintiffs are citizens of New Jersey, and Defendant is a citizen of Delaware (state of incorporation) and Arizona (its principal place of business). Defendant's notice of removal further averred:

> 5. At the time the action was filed, PetSmart did not have notice that the value of Plaintiffs' claims exceeded Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.
>
> 6. On March 17, 2020, PetSmart filed an Answer and Defenses to Plaintiffs' Complaint, a copy of which is attached hereto as Exhibit "B," which included a Demand for Damages pursuant to N.J.R.Civ.P. 4:5-2.
>
> 7. To date, Plaintiffs have failed to respond to PetSmart's Demand for Damages.
>
> 8. Under cover letter dated March 17, 2020, the undersigned served upon Plaintiffs, by and through counsel, Request for Admissions. (Exhibit "C").
>
> 9. The Request for Admissions requested that Plaintiffs admit or deny that their "claimed damages, if proven at trial, exceed $75,000.00, exclusive of interest and costs." (Exhibit "C")
>
> 10. Pursuant to N.J. R. Civ. Pro. 4:22-1, any Request for Admission that is not denied or objected to within thirty (30) days of receipt is deemed admitted. N.J. R. Civ. Pro. 4:22-1.
>
> 11. To date, Plaintiffs have not objected to nor provided a response to PetSmart's Requests for Admissions. Accordingly, Plaintiffs have admitted that their claimed damages "exceed $75,000.00, exclusive of interest and costs." N.J. R. Civ. Pro. 4:22-1.

(Docket No. 1 at 2.)

On May 1, 2020, Plaintiffs and Defendant filed a

2

"Stipulation Capping Plaintiffs' Claimed Damages and Remanding Case to the Superior Court Of New Jersey, Camden County." (Docket No. 20.)  The stipulation provides that Plaintiffs have now agreed to cap their damages below $75,000.  The stipulation further provides that subject matter jurisdiction under 28 U.S.C. § 1332(a) no longer exists because of Plaintiffs' agreement to cap their damages below the jurisdictional threshold, and the action must therefore be remanded.

The parties' agreement to remand is without force.  A "post-removal agreement to the remand of the case to state court does not provide the mechanism for remand.  The parties cannot unilaterally consent to the remand of the case when this Court had at the time or removal, and continues to have, subject matter jurisdiction over the action."  McNally v. Waterford Township, 2019 WL 6117728, at *2 (D.N.J. Nov. 18, 2019).  Similar efforts by parties to return to state court are also ineffectual when subject matter jurisdiction has been established in this Court.  See id. (where the parties filed a proposed consent order to remand based on the plaintiff's post-removal amended complaint that dismissed his federal claim, which was the basis for subject matter jurisdiction, finding that the dismissal of the federal claims and their agreement to remand did not provide a valid mechanism to remand the matter to state court because subject matter jurisdiction existed under 28

3

U.S.C. § 1367(a)) (citing Duffy v. Absecon Police Department, 2019 WL 5265322, at *1 (D.N.J. Oct. 17, 2019) (citing Tom's Landscaping Contractors, LLC v. Ernest Bock & Sons, Inc., 2018 WL 5294510, at *2 (D.N.J. 2018)) (declining to endorse the parties' "Consent Order Permitting Plaintiff to File Amended Complaint and For Remand of Entire Action to State Court," where the amended complaint would add a non-diverse party, because the filing of the plaintiff's amended complaint would not defeat subject matter jurisdiction if such jurisdiction existed at the time the defendant removed plaintiff's original complaint) (citing Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004) ("It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294–95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction.  The same rule governs a suit originally brought in a state court and removed to a federal court.")); St. Paul Mercury Indem. Co., 303 U.S. at 292–93 (announcing long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the

4

requisite amount, [] does not deprive the district court of jurisdiction," and further reiterating that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

This Court has previously explained, "two things are equally true.  This is a court of limited jurisdiction.  It must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute.  However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred." Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018). Because Plaintiff has not challenged the procedural propriety of the removal, the Court properly maintains subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) – at the time of removal there was diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeded $75,000.  Indeed, according to Defendant's notice of removal, Defendant requested that Plaintiffs admit or deny that their damages exceeded $75,000.  Under state court rule, Plaintiffs' silence deemed admitted that their damages exceeded $75,000.  Plaintiffs' belated response to Defendant's request for admission does not divest this Court of subject matter

jurisdiction as it existed on the day Defendant removed Plaintiffs' complaint to this Court.

Consequently, the parties' request that the Court order the remand of the action to state court must be denied.[1]

SO ORDERED.

Date: May 4, 2020                    s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[1] As the Court noted in Farren, 2018 WL 372168, at *3 n.2, neither Plaintiffs nor Defendant are prisoners of the federal court if they would rather return to state court.  The parties may follow Fed. R. Civ. P. 41(a)(1)(A), which provides that after a defendant has filed an answer, which Defendant did here on March 17, 2020 (Docket No. 1-4), a plaintiff may dismiss its action without a court order by filing a stipulation of dismissal signed by all parties. If it is the first dismissal, the rule expressly provides that dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).  Thereafter, to the extent allowed by state law, Plaintiffs may refile their action in state court.

6